IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY JACKSON | § | |
| v. | § | CIVIL ACTION NO. 6:12cv536 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Larry Jackson, proceeding *pro se*, filed this application for the writ of habeas corpus challenging the validity of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jackson says that he is serving a 40-year sentence for aggravated sexual assault, which was rendered on July 16, 2008. The conviction was affirmed by the Twelfth Judicial District Court of Appeals on August 19, 2009, and Jackson's petition for discretionary review was dismissed as untimely filed.

Jackson then sought state habeas corpus relief, but his first two applications were dismissed as non-compliant with court rules. His third and fourth applications were filed on June 30, 2011, and denied without written order on August 17, 2011. Jackson then filed a fifth state habeas application, which was dismissed as successive on October 10, 2012. His federal habeas petition was signed on August 7, 2012.

The Magistrate Judge ordered Jackson to show cause why his petition should not be dismissed as barred by the statute of limitations. *See* <u>Day v. McDonough</u>, 547 U.S. 198, 210 (2006). Jackson responded to this order by stating that he suffers from hypertension and hypertensive

retinopathy. He also stated that a prison law library's failure to provide a copy of the Anti-Terrorism and Effective Death Penalty Act should toll the limitations period.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge first observed that Jackson's pleadings contained no specific facts whatsoever, but simply made broad and conclusory allegations, followed by Jackson saying "see state court record." The Magistrate Judge noted that conclusory allegations lack probative evidentiary value, Jackson did not furnish a copy of the state court record to see, and that the Court has no duty to scour the record in search of support for Jackson's bald allegations of error.

Next, the Magistrate Judge determined that Jackson's conviction became final upon the expiration of the time in which to seek discretionary review, which was September 18, 2009. His one-year limitations period began to run at that time, and ended on September 18, 2010. The Magistrate Judge stated that Jackson's first two state habeas petitions were dismissed as non-compliant with court rules and thus were not "properly filed" so as to toll the limitations period. His third, fourth, and fifth state petitions were filed after the limitations period had expired and thus did not revive any portion of that period. Finally, the Magistrate Judge stated that Jackson had not shown any basis for equitable tolling of the limitations period; he did not allege how his claimed medical problems caused him to be unable to seek habeas corpus relief in a timely manner. The Magistrate Judge noted that Jackson furnished medical records showing that he suffered from hypertension but these records said nothing about retinopathy, and that he offered nothing to show that the law library lacked a copy of the AEDPA. Thus, the Magistrate Judge recommended that the petition be dismissed.

Jackson filed objections to the Magistrate Judge's Report on November 16, 2012. These objections consist primarily of lengthy citations to general legal principles, with no showing of how these relate to his case. Jackson asserts that none of the units at which he has been confined have a copy of the AEDPA, but his objections contain an extensive quotation from 28 U.S.C. §2254(d), which is part of the AEDPA. He also cites numerous other state and federal cases. Jackson's

conclusory assertion that he lacked access to a law from which he quoted fails to show any basis for equitable tolling of the limitations period. This objection is without merit.

Jackson goes on to recite general legal standards concerning providing medical care to incarcerated persons and the legal rights of disabled persons in prison. He offers nothing to show that he suffered from a particular disability, other than the evidence of hypertension which he earlier produced, much less show how any such disability prevented him from seeking habeas corpus relief in a timely manner. *See* Felder v. Johnson, 204 F.3d 168, 173 (5th Cir. 2000) (proceeding *pro se*, illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations). Jackson has not shown that he faced extraordinary circumstances justifying equitable tolling of the statute of limitations. His objection on this point is without merit.

Finally, Jackson attaches a lengthy pleading apparently intended as an amended petition. In this purported amended petition, Jackson raises three grounds for relief asserting that he received ineffective assistance of counsel on appeal. As a general rule, issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992). Even were these claims properly before the Court, however, Jackson still fails to offer anything beyond conclusory allegations. He says that appellate counsel failed to contend that his trial counsel was ineffective for "fail[ing] to thoroughly investigate the law as applied to the facts in petitioner's particular circumstance. Appeal counsel and trial counsel was deficient in their duty performance, when counsel failed to conduct an investigation of elements of law applicable to (1) implied bias from jurors, (2) file motion for suppression for interstate wiretapping without a federal warrant, (3) not raising properly ex post facto violations, and advised petitioner to accept an open plea, under presumption of the wrong law that [was] applicable to this case."

Jackson further asserts that appellate counsel should have alleged ineffective assistance in that his trial attorney failed to investigate the law and thus damaged Jackson's ability to make an

informed and intelligent decision, because "if counsel had investigated, counsel would have been in a position to adequately advise petitioner, also counsel would have discovered knowledge that petitioner is innocent of all charges." Jackson attaches excerpts from the record, but fails to explain how these excerpts support his claims, nor does he supply any other facts to support his allegations. As the Magistrate Judge correctly observed, "absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983). Jackson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Larry Jackson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 29th day of November, 2012.**

LEONARD DAVIS
UNITED STATES DISTRICT JUDGE