IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| LARRY JACKSON | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:12cv536 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT

The Petitioner Larry Jackson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jackson is serving a 40-year sentence from the 124th Judicial District Court of Gregg County, Texas, for aggravated sexual assault. His conviction was affirmed by the Twelfth Judicial District Court of Appeals on August 19, 2009, and his petition for discretionary review was dismissed as untimely filed. His first two state habeas corpus applications were dismissed for non-compliance with court rules. His third and fourth state habeas applications were filed on June 30, 2011, and denied without written order on August 17, 2011. His fifth state habeas application was dismissed as successive on October 10, 2012.

Jackson signed his federal habeas petition on August 17, 2012. This petition was dismissed as barred by the statute of limitations on November 29, 2012. Jackson filed a motion for relief from judgment and a notice of appeal on January 31, 2013, following this with another notice of appeal on February 6, 2013. His motion for relief from judgment was denied May 14, 2013. Jackson's appeal was denied and the district court's judgment was affirmed on November 5, 2013.

1

On November 20 and November 25, 2013, Jackson filed "motions for computing and extending time," seeking an extension of time in which to file a motion for rehearing his appeal *en banc*. These motions were denied by the district court because only the Fifth Circuit could grant such an extension of time. Jackson then filed a third motion for computing and extending time, which was denied as moot on January 28, 2014. Although the Fifth Circuit granted him an extension of time to seek rehearing *en banc*, he did not do so.

On August 13, 2015, Jackson filed a second motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). In this motion, he states that he was deprived of necessary legal materials through a constitutionally inadequate law library at the Huntsville Unit. He claims to suffer from a condition known as hypertensive retinopathy and asserts that the library does not provide adequate access to legal materials for visually impaired inmates.

Jackson states that at the time he began working on his post-conviction appeals, his vision had degenerated to the point that he had blurry vision and saw spots and halos which limited his ability to read the fine print of legal publications. No special glasses could be provided for him and a magnifying glass could not remedy his reading loss. Thus, Jackson argues that he was denied access to court by a state-created impediment, this being the failure to provide access to legal materials for the visually impaired.

After review of Jackson's second motion for relief from judgment, the magistrate judge issued a report recommending that the motion be denied. The magistrate judge observed first that motions under Fed. R. Civ. P. 60(b) must be made within a reasonable time, but Jackson's second motion for relief from judgment was filed some 21 months after the dismissal of his appeal by the Fifth Circuit. Jackson claims his vision was already deteriorating at the time he began working on his post-conviction appeals, meaning he must have known of the condition in time to raise the argument in a timely manner.

The magistrate judge further observed that although Jackson complains of the inadequacy of the law library at the Huntsville Unit, he has been at that prison unit throughout this litigation,

2

during which time he has been able to file numerous pleadings and other documents. The magistrate judge this concluded that Jackson failed to show the extraordinary circumstances necessary for relief from judgment under Fed. R. Civ. P. 60(b)(6).

Jackson filed a "motion for report and recommendation of the United States Magistrate Judge petition for objections" (docket no. 46), which states that he intends to file an application for a "bill of review," which he explains is "a bill in equity requesting that a court reverse or review a prior decree due to federal habeas petition on medical condition including hypertension."

In his "bill of review," construed as objections to the magistrate judge's report, Jackson asserts that the limitations period should be tolled because of his medical condition, including hypertension. As a general rule, a physical or mental illness justifies tolling of the statute of limitations only if it actually prevents the individual from pursuing his legal rights during the limitations period. Price v. Lewis, 119 F.App'x 725, 2005 U.S. App. LEXIS 234 (6th Cir., January 5, 2005); *accord*, Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); Rhodes v. Senkowski, 82 F.Supp.2d 160, 169-70 (S.D.N.Y. 2000). Jackson does not show how hypertension prevented him from pursuing his legal rights during the limitations period. This contention is without merit.

Jackson also contends that he received ineffective assistance of counsel on appeal because his appellate attorney did not raise the issue of ineffective assistance of trial counsel. He does not explain how this is relevant to the issue of the statute of limitations, nor show that he could not have raised this issue in a timely manner. This claim also fails to show any valid basis for reconsideration of the judgment in this case.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

3

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 44) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for modification of judgment (docket no. 43), construed as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), is **DENIED.**

**SIGNED this 19th day of February, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE